IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARBARA MICHALCZYK and
WBAJ, LTD.,

                                                OPINION and ORDER

                Plaintiffs,

                                                  11-cv-504-bbc

    v.

JERRY MASLYK, ELIZABETH WDOWIAK,
BARABOO INN, INC. and BONZOS, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil suit for damages and injunctive relief, plaintiffs Barbara Michalczyk and WBAJ, Ltd., shareholders of defendant Baraboo, Inn, Inc., contend that defendants Jerry Maslyk and Elizabeth Wdowiak have mismanaged defendants Baraboo Inn, Inc. and Bonzos, Inc. by appropriating corporate earnings for personal use, using corporate personnel for non-corporate endeavors, failing to hold shareholder meetings, eliminating payment of dividends to plaintiffs and failing to pay mortgage payments and real estate taxes. Plaintiffs filed this suit on July 18, 2011, seeking various forms of relief, including an order enjoining defendants from managing Baraboo Inn, an order dissolving Baraboo Inn, Inc. under Wis. Stat. § 180.1430(2), an order appointing a receiver under Wis. Stat. § 180.1432 and monetary

1

damages. Plaintiffs also filed a motion for a temporary restraining order, which I denied in an order dated July 19, 2011. In that order, I concluded that plaintiffs' motion had no merit. Additionally, I noted that the jurisdictional allegations in plaintiffs' complaint were inadequate.

Plaintiffs allege that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the matter in controversy exceeds $75,000. However, plaintiffs had failed to identify their own citizenship properly, alleging only that plaintiff Barbara Michalczyk is a "resident" of Illinois and that plaintiff WBAJ, Ltd. is an Illinois corporation. As I explained in the July 19 order, these allegations are inadequate because plaintiffs failed to identify Michalczyk's citizenship and failed to identify WBAJ, Ltd.'s principal place of business. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) (holding that it is citizenship, not residency, of individual persons that matters for diversity jurisdiction purposes); 28 U.S.C. § 1332(c)(1) (corporation is "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Similarly, plaintiffs had failed to identify the citizenship of defendants Jerry Maslyk and Elizabeth Wdowiak and had failed to identify the state of incorporation and principal places of business for defendants Baraboo Inn, Inc. and Bonzos, Inc.

Although it has been more than three months since I explained the deficiencies in plaintiffs' jurisdictional allegations, plaintiffs have failed to submit any additional

2

information regarding the parties' citizenship. Plaintiffs should have provided this information to court as soon as possible after the July 19 order. However, because I did not give plaintiffs a deadline in that order by which they were required to provide this jurisdictional information, I will give them one more opportunity to do so.

Plaintiffs' jurisdictional allegations are not the only problem in this case. Defendants have filed a motion to dismiss the case under Fed. R. Civ. P. 12(b)(5) for insufficient service of process, dkt. #13, and after reviewing the motion I agree that plaintiffs have failed to serve defendants properly. On August 8, 2011, a process server brought copies of the summons and complaint to the Best Western Baraboo Inn in West Baraboo, Wisconsin. The employee working at the front counter did not have authority to accept service on behalf of any defendant and said so to the process server. Nonetheless, the process server placed the summons on the counter and left. Plaintiffs filed affidavits of service with the court for all of the plaintiffs on September 2, 2011.

The service requirements are set forth in Fed. R. Civ. P. 4. Rule 4(e) sets out the rules governing service of process on an individual, allowing parties to accomplish service by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual

3

personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiffs have not accomplished service of the summons and complaint on the individual defendants, Maslyk and Wdowiak, pursuant to the methods described in Rule 4(e)(2). Plaintiffs did not deliver the complaint to these defendants personally, to their home or to an authorized agent. Also, plaintiffs also have not accomplished service in accordance with Wisconsin law, as allowed under Rule 4(e)(1). Under Wisconsin law, service on an individual may be accomplished by personally serving the defendant or the defendant's authorized agent, leaving a copy of the summons at the defendant's usual place of abode or, in some situations, through publication. Wis. Stat. § 801.11. Defendants Jerry Maslyk and Elizabeth Wdowiak do not reside at the hotel, the hotel clerk was not authorized to accept service on their behalf and they have not been served otherwise with the summons and complaint.

In addition, plaintiffs have not accomplished service on defendants Baraboo Inn, Inc. and Bonzos, Inc. Rule 4(h) sets out the rules governing service of process on corporations, allowing service to be accomplished

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h). Under Wisconsin law, service on corporations may be accomplished

> (a) By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

Wis. Stat. § 801.11(5). In some situations, service by publication is allowed. Id. § 801.11(5)(b).

Leaving the summons and complaint on the hotel counter was not sufficient to serve the corporate defendants. The hotel clerk was not an officer, director or managing agent of defendants and he did not have authority to accept service on their behalf. Moreover, no reasonable process server could have believed the hotel clerk was "apparently" in charge of the corporate offices after the clerk said he was not authorized to accept service papers on behalf of any defendant.

Plaintiffs have requested an evidentiary hearing to resolve the question of sufficiency of service. However, plaintiffs have identified no factual disputes to be resolved. They have not denied any facts proposed by defendants, responding only that the corporate records for

5

defendant Baraboo Inn, Inc. identify the hotel address as the office of Baraboo Inn's registered agent. This response does not change the fact that the process server did not leave the summons with a corporate officer or any person who was authorized or "apparently" authorized to accept service on defendants' behalf. Thus, it is clear that plaintiffs have failed to serve defendants properly.

Nevertheless, I will not dismiss plaintiffs' complaint. Under Rule 4(m), plaintiffs must serve defendants within 120 days of the filing of the complaint. Plaintiffs still have approximately two weeks within which they can attempt to serve defendants properly or request additional time within which to accomplish service. If the deadline for service passes and defendants believe they have not been served, they may file a new motion to dismiss.

ORDER

IT IS ORDERED that

1. Plaintiffs Barbara Michalczyk and WBAJ, Ltd. may have until November 14, 2011 to provide this court verification of the citizenship of plaintiffs and defendants Jerry Maslyk, Elizabeth Wdowiak, Baraboo Inn, Inc. and Bonzos, Inc. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction.

2. Defendants' motion to dismiss for insufficient service of process, dkt. #13, is DENIED. Plaintiffs have until November 15, 2011 to accomplish service of process on defendants in accordance with Fed. R. Civ. P. 4. Failure to do so will result in dismissal of

6

this case for lack of personal jurisdiction over defendants.

Entered this 3d day of November, 2011.

                              BY THE COURT:

                              /s/
                              BARBARA B. CRABB
                              District Judge